STATE OF CONNECTICUT *v.* TYRONE ROBINSON
(AC 32057)

Lavine, Alvord and Peters, Js.

Argued October 20—officially released December 14, 2010

*Richard E. Condon, Jr.,* assistant public defender, for the appellant (defendant).

*Rocco A. Chiarenza,* special deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy,* state's attorney, and *Donna Mambrino,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. "To establish a violation of [General Statutes] § 53a-54a[1] . . . the state must prove beyond a reasonable doubt that the defendant, with intent to cause the death of another person . . . cause[d] the death of such person . . . . [T]he specific intent to kill is an essential element of the crime of murder. To act intentionally, the defendant must have had the conscious objective to cause the death of the victim." (Citation omitted; internal quotation marks omitted.) *State* v. *Aviles,* 107 Conn. App. 209, 217, 944 A.2d 994, cert. denied, 287 Conn. 922, 951 A.2d 570 (2008). The sole issue in this appeal from a conviction of a violation of § 53a-54a is whether the state met its burden of proving that the defendant had the requisite intent to cause the death of the victim. The defendant appeals from the judgment of the trial court accepting a jury verdict

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person . . . ."

finding him guilty as charged. We affirm the judgment of the court.

In a two count substitute information filed May 8, 2008, the state charged the defendant, Tyrone Robinson, with murder in violation of § 53a-54a and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1).[2] The defendant elected to have the first count tried by a jury and the second count tried by the court. After the defendant was found guilty on both counts, the court sentenced him to a total effective term of fifty years incarceration, two years mandatory minimum. The defendant's appeal challenges only his conviction for murder.

The jury reasonably could have found the following facts. At the time that the victim, Leonard Lindsay, was shot, the defendant was living with his girlfriend, Lashonda Barno. On occasion, the defendant exhibited jealousy and controlling behavior toward Barno, particularly with regard to the victim.

Sometime in the spring of 2001, the victim, who had known Barno for fifteen years because they had gone to school together, manhandled her at a dance club. When the defendant learned about this incident, he became upset and confronted the victim. Following the incident at the dance club, rumors of a sexual relationship between Barno and the victim began to circulate in the neighborhood.

In the early morning of October 6, 2002, the victim drove into a gasoline station on Albany Avenue in Hartford and parked his car so that the driver's side window faced the street. Following a report of gunshots fired at the station, the police found the victim in his car with a gunshot wound to the head and a bullet hole in

---

[2] General Statutes § 53a-217 (a) (1) provides in relevant part: "A person is guilty of criminal possession of a firearm . . . when such person possesses a firearm . . . and . . . has been convicted of a felony . . . ."

the driver's side window of the car. The victim was transported to a hospital, where he died later that day. The defendant was not immediately identified as having committed the crime.

At trial, the state presented evidence that the defendant had admitted to four individuals that he had killed the victim. Immediately after having shot the victim, he confessed the killing to Barno and to her cousin. In September, 2004, he similarly confessed to Eric Smith, a longtime friend, who so informed the police in 2005, when Smith was incarcerated. In April, 2008, the defendant confessed to Larry Raifsnider, a fellow inmate in a federal prison in Pennsylvania. Although the defendant's earlier confessions were consistent with his claim, at trial, that he had intended only to frighten the victim, his confession to Raifsnider described a planned killing.

In this appeal, the defendant's only claim is that the state failed to prove beyond a reasonable doubt that he intended to cause the death of the victim when he shot him. Our review of the defendant's claim is governed by the well established standard for appellate appraisal of claims of evidentiary insufficiency. "First, we construe the evidence in the light most favorable to sustaining the verdict. Second, we determine whether upon the facts so construed and the inferences reasonably drawn therefrom, the jury reasonably could have concluded that the cumulative force of the evidence established guilt beyond a reasonable doubt. . . . In evaluating evidence, the trier of fact is not required to accept as dispositive those inferences that are consistent with the defendant's innocence. . . . The trier may draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical. . . . This does not require that each subordinate conclusion established by or inferred from the evidence, or even from other inferences, be proved

beyond a reasonable doubt . . . because this court has held that a jury's factual inferences that support a guilty verdict need only be reasonable. . . .

"On appeal, we do not ask whether there is a reasonable view of the evidence that would support a reasonable hypothesis of innocence. We ask, instead, whether there is a reasonable view of the evidence that supports the jury's verdict of guilty." (Internal quotation marks omitted.) *State* v. *Allen*, 289 Conn. 550, 555–56, 958 A.2d 1214 (2008).

Although the defendant's brief highlights evidence that he presented at trial to show that he intended only to frighten the victim, rather than to kill him, that recital does not establish that the state failed to prove the requisite intent for a conviction of murder. We cannot ignore the contrary evidence that the state presented to prove that the defendant had indeed intended to kill the victim. That evidence included testimony describing the defendant's jealousy of the victim due to his belief that the victim had engaged in a sexual relationship with Barno. It also included evidence of the defendant's intentional conduct in luring the victim to the gasoline station and lying in wait prior to shooting him. Finally, intent also could have been reasonably inferred from the fact that the defendant shot the victim in the head. See, e.g., *State* v. *Melendez*, 74 Conn. App. 215, 222, 811 A.2d 261 (2002) ("[i]t is axiomatic that a factfinder may infer an intent to kill from circumstantial evidence such as the type of weapon used, the manner in which it was used, the type of wound inflicted and the events leading to and immediately following the death" [internal quotation marks omitted]), cert. denied, 262 Conn. 951, 817 A.2d 111 (2003).

Although the defendant has raised questions about the credibility of the state's witnesses whose testimony incriminated him, we do not have the authority to

review any such assessments made by the jury. "[B]ecause the jury has the occasion to scrutinize the behavior, deportment and attitude of the witnesses and to measure their credibility, [i]t is axiomatic that evidentiary inconsistencies are for the jury to resolve, and it is within the province of the jury to believe all or only part of a witness' testimony. . . . [T]he jury is the final arbiter as to the credibility of any witness." (Citation omitted; internal quotation marks omitted.) *State* v. *Fleming*, 111 Conn. App. 337, 345, 958 A.2d 1271 (2008), cert. denied, 290 Conn. 903, 962 A.2d 794 (2009). On appeal, we cannot revisit the jury's decision to believe the witnesses. No claim has been presented that the defendant lacked the opportunity to impeach the state's witnesses at trial.

After careful review of the record, we conclude that the state presented sufficient evidence to sustain the defendant's conviction. The jury reasonably found, beyond a reasonable doubt, that the defendant intended to bring about the death of the victim.

The judgment is affirmed.